475 P.2d 505

In the Matter of the ESTATE of Eugene
T. SIMS, Deceased.

Laura K. SIMS, Appellant,

v.

Helen HANRAHAN, Special Administratrix
of the Estate of Eugene T. Sims,
Appellee.

No 2 CA–CIV 854.

Court of Appeals of Arizona,
Division 2.

Oct. 15, 1970.

Rehearing Denied Nov. 13, 1970.
Review Denied Jan. 5, 1971.

Messing & Hirsh, by William Messing, Tucson, for appellant.

D'Antonio & Videen, by Garven W. Videen, Tucson, for appellee.

HATHAWAY, Judge.

This is an appeal from a probate order directing that appellant, surviving spouse of the decedent, be awarded a homestead for a period of 18 months thereafter. The order decreed that title to the subject property vested in the heirs of the decedent subject to the assignment to the surviving spouse.

On appeal, two alternative grounds for reversal are urged: (1) the subject property was community property of the parties and therefore fee title to the property vested in appellant; and (2) if the property was the separate property of the decedent, the lower court abused its discretion in limiting the period to 18 months.

It is undisputed that the subject property belonged to the decedent prior to his marriage to appellant. It being decedent's separate property, it retained its status as such unless changed by agreement or by operation of law. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132 (1948); Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893 (1963).

Appellant argues, however, that the status of the decedent's property had been altered and thereby became community property. No evidence of a written agreement to this effect was introduced into evidence at the hearing below. In Schock v. Schock, 11 Ariz.App. 53, 461 P.2d 697 (1969), we discussed "transmutation" of property by proving an executed oral agreement. Appellant relies on the fact that in 1966 a judgment was entered against Mr. and Mrs. Sims in Pima County Superior Court Cause No. 86908, Lespron v. Sims, decreeing that the Lesprons were entitled to specific performance on a deposit receipt and agreement[1] upon the Lesprons complying with the terms and conditions of an escrow agreement. The judgment further recited that if plaintiffs did not so comply within 45 days from a specified date, they would forfeit all right, title and interest in said property. A satisfaction of judgment was subsequently entered on behalf of the plaintiffs reciting, inter alia: "Plaintiffs have effected a settlement with the defendants."

In her brief, appellant argues that when the judgment was entered and recorded in the Pima County Recorder's Office, "the deceased and his wife were divested of a right, title and interest in the property." She also contends that "when the case was settled with payment of community funds, they were revested with the property, but that the character of the property having now been purchased with community funds became by operation of law community property." We are unable to accept appellant's argument, finding nothing in the record supportive thereof.

1. The deposit receipt and agreement for the conveyance of the subject property was executed by Mr. Sims for himself and as attorney-in-fact for appellant.

We have no quarrel with the proposition advanced by appellant that one may establish an intention to change the status of property by showing a conveyance to the other spouse coupled with contemporaneous conduct indicating an intention that the grantee-spouse should have the property. Jones v. Rigdon, 32 Ariz. 286, 257 P. 639 (1927). We find no evidence of such intention on the part of the decedent presented by the record here.

Appellant additionally relies on the fact that the decedent and appellant, together with their respective children by former marriages, used the subject property as a family home, that mortgage payments on the property were made with community funds, and that a homestead exemption was declared on the property by the decedent during his lifetime. The trial court concluded, and we believe correctly so, that the evidence presented by appellant was insufficient to show a transmutation of the subject property. See Schock v. Schock, supra, and cases cited therein.

During his lifetime the decedent recorded a homestead exemption as to the subject property. A.R.S. § 14–514, subsec. A provides:

"After return of the inventory, the court may on its own motion or on petition therefor, set apart for the use of the surviving husband or wife, or, in the case of his or her death, for the use of the minor children of decedent, all property exempt from execution, including the homestead, selected, designated and recorded, if such homestead was selected from community property, or the separate property of the persons selecting or joining in the selection thereof."

A.R.S. § 14–518 provides for the descent of a selected homestead:

"If the homestead selected and recorded by the husband and wife or either of them during their coverture was selected from community property, it vests, on the death of the husband or wife, abso-lutely in the survivor. If selected from separate property of either husband or wife, it vests in his or her heirs, subject to the power of the court to assign it for a limited period to the family of decedent. In either case it is not subject to payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of death of such husband or wife, except as expressly provided by law."

Thus, we see that as to a homestead selected in the lifetime of the decedent from his separate property, the appellant was entitled to have it set apart for a limited period to be determined by the court. The length of this period rests in the discretion of the probate court. 3 Bancroft's Probate Practice, 2nd Ed., § 714. We will not disturb the term fixed by the trial court in the absence of a showing of an abuse of discretion. In re Nelson's Estate, 224 Cal.App.2d 138, 36 Cal.Rptr. 352 (1964); In re Claussenius' Estate, 96 Cal. App.2d 600, 216 P.2d 485 (1950).

The court, in the exercise of its judgment, should consider the rights of creditors, the estate's financial status and the value of the homestead. In re Nelson's Estate, supra. Nothing in the record before us reflects any information as to the estate's financial status. The record does reveal that appellant is receiving approximately $210 a month from social security and $38 per month from an insurance annuity. Also, she has a $7,500 judgment which she has made no effort to collect and has a savings account. The thrust of appellant's testimony as to her potential for employment would indicate that she would have sufficient training by July, 1971, to seek employment as a dental assistant, a teacher's aid, or a nursery or medical technician. Her testimony further reveals that she has made no attempt to require her ex-husband, father of the minor child living with her, to support said child. We are unable to say that the record reflects a manifest abuse of discretion on the part

of the probate court in limiting the appellant's use and possession of the subject property to the prescribed period set forth in the order appealed from.

Order affirmed.

KRUCKER, J., and BEN C. BIRDSALL, Judge of the Superior Court, concur.

NOTE: Chief Judge LAWRENCE HOWARD have requested that he be relieved from consideration of this matter, Judge Ben C. Birdsall was called to sit in his stead and participate in the determination of this decision.