499 P.2d 744

**Adele K. DAVIS, Appellant,**

v.

**Samuel H. DAVIS, Appellee.**

**No. 2 CA–CIV 1124.**

Court of Appeals of Arizona, Division 2.

July 26, 1972.

D'Antonio & Videen by Garven W. Videen, Tucson, for appellant.

Schorr & Karp, P. C. by S. Lenwood Schorr, Tucson, for appellee.

HATHAWAY, Judge.

A divorce decree and its provisions with respect to alimony and attorney's fees are challenged by the appellant, defendant below. Appellee, plaintiff below, filed suit for divorce on the grounds of cruelty and the defendant counterclaimed for divorce, also alleging cruelty as grounds therefor. The case was tried to the court, sitting without a jury, resulting in an absolute decree of divorce. The court ordered plaintiff to pay to defendant as alimony a lump sum of $15,000 [1] and to pay the sum of $3,000 to defendant's attorney as legal fees. Defendant timely moved for a new trial which was denied and this appeal followed.

The defendant challenges the propriety of a "Brown Decree" and the sufficiency of the alimony award and attorney's fees. We shall consider her respective contentions *seriatim*.

Defendant maintains that there was no basis for awarding a "Brown Decree" as plaintiff's proof of his alleged grounds lacked the requisite corroboration mandated by A.R.S. § 25–317, subdivision B:

"Either party may be a witness, but no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence."

The plaintiff's testimony was to the effect that the defendant drank excessively in public, used abusive language, and more or less evicted his sister and brother-in-law who had been visiting them. He also testified as to an incident when the defendant became angry, "stuck" him with a knife, grabbed his eyeglasses, ran next door to the neighbors' house and smashed his lenses. The depositions of Mr. and Mrs. Mercer, the neighbors, were admitted into evidence by stipulation. Mr. Mercer, on deposition, stated that when the defendant came to his house at the time in question she was holding a candelabra and a butcher knife. He also stated that she broke the plaintiff's eyeglasses on a rock outside his house. According to the deposition of

---

1. This sum was payable within 20 days of entry of the decree or, in the alternative, the sum of $500 per month for a period of 30 months, the first payment due one month after entry of the decree, with interest on the unpaid principal balance at the rate of 6% per annum from the date of entry.

Mrs. Mercer, the defendant "had the candelabra and in the other hand she had a pair of glasses and a butcher knife." She too stated that the defendant smashed the eyeglasses outside of their house. The defendant, on cross-examination, admitted the occurrence of the incident in question —that she had run over to the Mercers' house with the candelabra and the eyeglasses and that she had smashed the eyeglasses. However, she denied having a knife in her hand.

▬ Defendant makes much of the fact that plaintiff presented no corroboration of the other conduct to which he testified. Her argument, however, rests on quicksand since it is not necessary that every instance of cruel conduct be corroborated. Williams v. Williams, 86 Ariz. 201, 344 P.2d 161 (1959); Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). Furthermore, the vigorous contest here negates the possibility of collusion and therefore only slight corroboration was necessary. Spector v. Spector, 17 Ariz.App. 221, 496 P.2d 864 (1972). There is no requirement that corroboration be the equivalent of confirmation—it is sufficient if it tends to satisfy the impartial and reasonable mind that the plaintiff's material testimony is true. Spector, *supra*. We believe the evidence supported the trial court's implied finding that the defendant was guilty of cruel treatment toward the plaintiff.

Defendant contends that she was not treated fairly as to the alimony award. At the time of her marriage to the plaintiff in April, 1968, she was 61 years of age and was teaching school at Pearce, Arizona, earning about $9,000 per year (she had taught school for more than 30 years prior thereto in Arizona and other states). At plaintiff's request, she gave up teaching at the end of the 1968 school year. Although she was offered a renewal of her contract at Pearce and also contracts in Somerton, Arizona and Nogales, Arizona, for the 1968–69 school year, she remained home since her husband did not want her to teach anymore.

The instant divorce complaint was filed in April, 1970, and the record reflects that although the marriage was of two years' duration, the parties' voyage on the matrimonial seas was far from "smooth sailing". Defendant made application for various teaching jobs but was unable to find one, there being a dearth of available positions and a plentiful supply of teachers. She was a member of the Arizona Teachers' Retirement System and, according to her testimony, her contributions amounted to several thousand dollars.[2]

▬ Defendant made no attempt to seek employment other than in the teaching field. Her estimated monthly expenses totalled $679 and she received social security benefits of $168.50 per month. Her expenses included medical, hospital and automobile insurance, and payments on furniture which she had purchased prior to marriage. She admitted that her net wages, prior to marriage, had approximated $575 per month and that she was managing to get along on the $600 per month temporary alimony. She states in her brief:

> "There is no question in anybody's mind that the Plaintiff, who is a millionaire, can afford to pay any sum of money that is necessary for future support and maintenance of the Defendant."

The question of alimony, of course, is left to the sound discretion of the trial court, DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966), and where there is any reasonable evidence to support its determination relative thereto, we will not interfere. Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968). In the exercise of that discretion, it was proper for the lower court to consider the brevity of the marriage, the defendant's needs and abilities, and her fault in contributing to the destruction of the marital relationship. Davis v. Davis, 9 Ariz.App. 49, 449 P.2d 66 (1969).

---

2. Retirement from teaching service in Arizona is mandatory at the age of sixty-five, with certain exceptions. A.R.S. § 15–1471.

■■ Although defendant places great emphasis on the fact that she has been unable to procure a teaching position, a situation she would not find herself in were it not for the fact of her marriage, it is apparent that her days of teaching in the public school systems were numbered. By her own testimony, she had spent most of her earnings prior to marriage and therefore was not deprived of an opportunity to accumulate additional savings during marriage. Her standard of living during the two-year period of marriage had not altered considerably so she was not entitled to alimony which would provide a standard of living beyond her customary one. We cannot say the trial court abused its discretion in awarding a sum of money which would more than adequately compensate her for having to forego a salary for two more years of teaching in the public school system. It did not err in refusing to require the plaintiff to pay more, notwithstanding the fact that he was a man of means, particularly in view of the evidentiary showing of defendant's fault.

■■ Defendant's final complaint is directed to the amount of attorney's fees. She contends that the sum of $3,000 is inadequate and that the sum of $4,420 should have been allowed. The record reflects that her attorney had expended 93 hours in preparation and two days in trial. A member of the state bar testified that in his opinion a fee of $4,420 would be reasonable. It is axiomatic that the allowance of attorney's fees is discretionary with the trial court, Reich v. Reich, 13 Ariz.App. 98, 474 P.2d 457 (1970), and it was not inappropriate for the trial judge to draw upon his own knowledge of the case and his own experience in determining whether $4,420 was a reasonable fee. Johnson v. Johnson, 12 Ariz.App. 208, 469 P.2d 100 (1970). We are unable to say that there was an abuse of discretion.

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.