597 P.2d 993

**In re the Marriage of Velma L. BENDER, Appellant,**

v.

**Daniel BENDER, Appellee.**

**No. 1 CA–CIV 3533.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 17, 1979.

Rehearing Denied June 12, 1979.

Review Denied July 10, 1979.

Hash, Cantor & Tomanek by Virginia Hash, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Harry J. Cavanagh and P. Michael Whipple, Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

The appellant/respondent below, Velma L. Bender, appeals from the Decree of Dissolution of Marriage entered on February 19, 1976 in the Superior Court of Maricopa County. Appellant alleges three assignments of error. First, she alleges that the property division was inequitable because certain property was improperly determined to be the sole and separate property of the appellee/petitioner, Daniel Bender. Second, appellant contends that the court erred in granting only $180 per month child support and no spousal maintenance; and, third, the court erred in not awarding attorney's fees to appellant.

The Benders met in Edmonton, Canada, and were married a year later, 1954, in Kansas. They immediately moved to Kindersley, Canada, where appellee had set up his electrical business the year before. Appellant worked in the business helping out with retail sales and bookkeeping chores. Appellee became a U.S. citizen, and the family moved to Phoenix, Arizona, in 1964. They left substantially all of their funds in Canada. Before leaving Canada, the Canadian Revenue Department audited the books of appellee's electrical business. It determined appellee's net worth at approxi-

mately $112,000. Appellee testified that his net worth before his marriage to appellant was around $31,000.

Shortly after arriving in Phoenix, Arizona, Mr. Bender purchased the "Welcome Home Trailer Park." The park was purchased in his name as his sole and separate property for $237,000. Mrs. Bender signed a disclaimer deed to the property at the time of its acquisition. There was testimony concerning an accountant advising the Benders on the purchase, but no details of the advice was elicited at the hearing.

The "Welcome Home Park" was sold in 1968 for $290,000. At the time of the Benders' hearing there was a balance of $88,556 remaining due on the sales contract. The trial court found this balance to be the sole and separate property of appellee.

After selling the "Welcome Home Park," the Benders purchased and developed the "Villa Carmel Trailer Park." This property was classified as community property by the testimony of both parties. However, both parties offered conflicting expert's testimony as to the fair market value of the "Villa Carmel Trailer Park."

The parties apparently had two conferences at which stipulations were made as well as certain findings. We do not have anything in the record here to show us what those stipulations were or what the findings were, except that a minute entry order and the decree tell us that appellee is to pay appellant $30,000 to equalize the property settlement.

■ The trial judge is not required to expressly state his findings of fact or conclusions of law unless a request is made therefore. 16 A.R.S., Rules of Civil Procedure, rule 52(a); *Lenslite Co. v. Zocher*, 95 Ariz. 208, 388 P.2d 421 (1964). Where there is no request made for express findings of fact and conclusions of law, this Court will assume that the trial court found every controverted fact necessary to sustain the judgment, and, if there is reasonable evidence to support such finding, we must sustain the judgment. See: *Fleming v. Becker*, 14 Ariz.App. 347, 483 P.2d 579 (1971).

As to the first issue, that the court erred in finding the "Welcome Home" contract the sole and separate property of appellee, we are unable to agree with appellant. "It is well settled under Arizona Law that this Court must view the evidence and all reasonable conclusions drawn therefrom in a light most favorable to sustaining the trial court's determination unless there is clear and convincing evidence that the trial court abused its discretion in determining the nature of property as community or separate. *Nace v. Nace*, 104 Ariz. 20, 448 P.2d 76 (1968)." *Musker v. Gil Haskins Auto Leasing, Inc.*, 18 Ariz.App. 104, 500 P.2d 635 (1972). See: *Noble v. Noble*, 26 Ariz. App. 89, 546 P.2d 358 (1976) [review denied 1976].

Following this rule, there is sufficient evidence that the trial court did not abuse its discretion.

Appellant argues that the "Welcome Home" contract should be found to be community property, and divided between them, by virtue of the retroactive application of A.R.S. § 25–318 to the facts. This Court has recently held that A.R.S. § 25–318 may be retroactively applied in property distributions of dissolution actions. *Furimsky v. Furimsky*, 122 Ariz. 385, 595 P.2d 177 (Ariz.App.1978); Review granted by the Arizona Supreme Court, 122 Ariz. 430, 595 P.2d 662 (1978). In this connection, however, we must first determine whether or not under the facts of this case § 25–318, supra, is to be applied at all.

■ Arizona has continuously subscribed to the community property concept since the territorial legislature passed the community property law in 1865. Howell's Code, Ch. 32. The status of property in Arizona, as to whether it is community or separate property, is established at the time of its acquisition. *Everson v. Everson*, 24 Ariz.App. 239, 537 P.2d 624 (1975). Once this status is determined it does not change except by agreement or operation of law. *Schock v. Schock*, 11 Ariz.App. 53, 461 P.2d 697 (1969). Further, property acquired by

**93**

either or both spouses during coverture is presumed to be community property. *Armer v. Armer*, 105 Ariz. 284, 463 P.2d 818 (1970); *King v. Uhlmann*, 103 Ariz. 136, 437 P.2d 928 (1968); *Arizona Central Credit Union v. Holden*, 6 Ariz.App. 310, 432 P.2d 276 (1967). However, this presumption may be rebutted by clear and convincing evidence. *Neely v. Neely*, 115 Ariz. 47, 563 P.2d 302 (Ct.App.1977).

From a reading of the record before us, we find that the trial court had sufficient evidence before it to determine that the disclaimer deed was the requisite evidence required to rebut the community property presumption, and also, to rebut any common law property interest whether choate or inchoate.

Courts in Arizona have continuously held that married couples are free to determine at any time what the status of their property is to be, *Sellers v. Allstate Insurance Company*, 113 Ariz. 419, 555 P.2d 1113 (1976), and that spouses may convey their separate or community property interests to one another. *Arizona Central Credit Union v. Holden*, 6 Ariz.App. 310, 432 P.2d 276 (1967).

Arizona courts have placed the requirement that such a conveyance between spouses not only must be by a written instrument, but must have a contemporaneous conduct coupled with such instrument indicating an intention that the grantee/spouse should have the property. *In re Sims Estate*, 13 Ariz.App. 215, 475 P.2d 505 (1970).

The disclaimer deed from appellant to appellee[1] clearly meets these tests. It sets forth that the property, the Welcome Home Trailer Park, was the separate property of appellee and was purchased with separate funds of appellee. We quote the pertinent parts of the disclaimer deed:

"WITNESSETH THIS DISCLAIMER DEED, made by Velma Bender hereinafter called 'the undersigned' to Daniel Bender hereinafter called 'the spouse';

WHEREAS

1. The spouse has acquired title to the following described property situated in Maricopa County, State of Arizona, to-wit:

Description,

Lots 1 and 2, Ellazona, according to book 18 of maps page 19, Records of Maricopa County Arizona. [handwritten]

2. The property above described is the sole and separate property of the spouse having been purchased with the separate funds of the spouse.

3. The undersigned has no past or present right, title, interest, claim or lien of any kind or nature whatsoever in, to or against said property.

4. This instrument is executed not for the purpose of making a gift to the spouse, but solely for the purpose of clearly showing of record that the undersigned has and claims no interest in and to said property.

NOWTHEREFORE, in consideration of the premises, the undersigned does hereby disclaim, remise, release, and quitclaim unto the spouse and to the heirs and assigns of said spouse forever, all right, title, interest, claim and demand which the undersigned might appear to have in and to the above described property."

Where two or more persons bind themselves by a lawful contract, in the absence of fraud, a court must give effect to the contract as it is written, and the terms or provisions of the contract, where clear and unambiguous, are conclusive. *Shattuck v. Precision-Toyota, Inc.*, 115 Ariz. 586, 566 P.2d 1332 (1977). If the provisions of a contract are plain and unambiguous on their face, they will be applied as written and the courts will not pervert or do violence to the language used or expand it beyond its plain and ordinary meaning or add something to the contract which the contracting parties did not put there. *Estrada v. Planet Insurance Company*, 26 Ariz.App. 103, 546 P.2d 372 (1976).

1. Disclaimer deed was recorded at the office of the Maricopa County Recorders Office, Phoenix, Arizona, in Docket 5277 page 514, October 27, 1964 and indexed in deeds.

The disclaimer deed presented here (the contract) is clear and unambiguous on its face. Appellant states in the deed that she had no interest in the property or has she ever had any claim to the property, the land or the cash. Appellant has neither plead fraud nor mistake as to the disclaimer deed. Affirmative defenses must be pleaded and proved by the defendant. *Lakin Cattle Company v. Engelthaler*, 101 Ariz. 282, 419 P.2d 66 (1966). Fraud is never presumed, but must be alleged; therefore the party who seeks fraud as a defense must plead it with particularity. *Hunt v. Campbell*, 19 Ariz. 254, 169 P. 596 (1917); *Fruth v. Divito*, 26 Ariz.App. 154, 546 P.2d 1163 (1976). Likewise, mistake is a defense that must be pleaded affirmatively. *Fruth v. Divito, supra.*

The use of a disclaimer deed is quite different from the situation in which a quit-claim deed is utilized. In the quit-claim deed situation there is no denial of interest made, but solely the relinquishment (or gift) of any possible interest one has in certain property.

We must give the contract, the disclaimer deed, its full effect and hold that the Welcome Home Contract was correctly determined to be the sole and separate property of appellee as was the cash used to procure the Welcome Home Trailer Park. We do not find that there was a conveyance between spouses that would give rise to the requirements set forth in the *Sims* case, supra. There was no gift or transmutation of the property, and appellant has no claim to said property under a community property theory. Thus, we do not need to reach the issue of the retroactive application of A.R.S. § 25–318 and thus do not pass upon it.

We turn next to the question as to whether there was an abuse of discretion as to the division of the property. There was some conflicting testimony as to the values to be placed on the various parcels of land owned by the parties. Where there is a conflict in testimony of witnesses, weight and credibility to be given those witnesses is for the trier of fact. *Harvey v. Kellin*, 115 Ariz. 496, 566 P.2d 297 (1977). Applying this rule and viewing the evidence in the light most favorable to upholding the judgment, we find no abuse of discretion in the trial court's finding. We are convinced that the requirement of a substantially equal apportionment of the community estate, as dictated by *Hatch v. Hatch*, 113 Ariz. 130, 547 P.2d 1044 (1976), has been met. Each party received substantially equal proportions of the community estate.

We now turn our attention to appellant's second and third issue. Appellant claims that the trial court erred in not providing her with spousal maintenance or attorney's fees and that the court erred in granting her only $180 per month for child support. This Court has continuously held that the award of maintenance to a wife is left to the sound discretion of the trial judge, as is the determination of child support and attorney's fees. This Court will not disturb such determinations without a clear showing of abuse. *Davis v. Davis*, 18 Ariz.App. 13, 499 P.2d 744 (1972); *Spector v. Spector*, 23 Ariz.App. 131, 531 P.2d 176 (1975); and *Santa Maria v. Santa Maria*, 18 Ariz.App. 313, 501 P.2d 582 (1972).

Appellant, in her brief, attempts to establish an abuse of discretion in not awarding her spousal maintenance, or additional child support by stating that her monthly expenses are $1,186 per month and her income is only $980 per month. However, appellant has failed to include the $300 per month payment that appellee has been ordered to make to her each month for more than eight years and any income that would result from her employment. A wife is not entitled to be provided a standard of living beyond her customary one. *Davis v. Davis, supra.*

The award as ordered by the trial judge must be affirmed as it stands. The appellant has sufficient funds to pay the legal costs and to provide for herself and her minor child.

The judgment and orders of the Superior Court are affirmed.

WREN and FROEB, JJ., concur.