NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. THE DEPARTMENT OF ECONOMIC
SECURITY (RACHEL DENICE WOLFORD),
*Petitioners/Appellees*,

*v.*

ALEXANDER GURULE, *Respondent/Appellant.*

STATE OF ARIZONA ex rel. ARIZONA DEPARTMENT OF ECONOMIC
SECURITY (MONICA MARIE CARAVALHO), *Petitioners/Appellees*,
*v.*

ALEXANDER GURULE, *Respondent/Appellant.*

No. 1 CA-CV 15-0298 FC
No. 1 CA-CV 15-0345 FC
(Consolidated)
FILED 1-28-2016

Appeal from the Superior Court in Maricopa County
No. FC2010-002771, FC2010-000893
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Petitioner/Appellee ADES*

The Murray Law Offices, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellant Gurule*

The Harrian Law Firm PLC, Glendale
By Daniel S. Riley
*Counsel for Petitioner/Appellee Wolford*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

¶1       Alexander Gurule appeals the trial court's orders reducing his monthly child support obligations for three children-in-common with Rachel Wolford and Monica Caravalho, and awarding all future tax exemptions to Wolford and Caravalho.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2       In May 2014, Gurule filed petitions to modify parenting time and child support regarding his child-in-common with Wolford and his two children-in-common with Caravalho.  At that time, Gurule was responsible for monthly child support payments of $244.50 to Wolford and $489.00 to Caravalho.  In his petitions, Gurule sought to reduce his monthly child support obligations to $290.75 to Caravalho and to $191.64 to Wolford, and requested he be allowed to claim the federal tax exemptions for the children "every three out of four years."  He is also the custodial parent of one child-in-common with his current wife and recently legally adopted her four other children, and he is currently ordered to provide $474.00 and $244.00 per month to the mothers of his two other children.  Thus, Gurule is legally responsible for seven other children who are not subject to the modification orders at issue here.  *See* Ariz. Rev. Stat. (A.R.S.) § 25-501(A)[1]

---

[1]       Absent material changes from the relevant date, we cite a statute's current version.

("[E]very person has the duty to provide all reasonable support for that person's natural and adopted minor, unemancipated children . . . .").

¶3 A joint hearing on the petitions was held in February 2015. *See* Ariz. R. Fam. L.P. 5(A) (authorizing the family court to consolidate actions or hold a joint hearing in cases where "actions within the scope of these rules involving a common child, common parties, or a common question of law or fact, are pending before the court"). At the hearing, Gurule admitted he owed over $10,000 in back child support to Caravalho and did not dispute he owed $5,000 in back child support to Wolford. Counsel for the State explained that, under strict application of the Arizona Child Support Guidelines and the self-support reserve test, A.R.S. § 25-320 app. § 15 (Guidelines), Gurule was financially unable to pay any child support and "maintain at least a minimum standard of living;" therefore, his calculated child support obligations to Wolford and Caravalho were zero. However, both mothers testified regarding their financial situations and requested Gurule's child support obligation remain the same.

¶4 Noting the difficulty of fashioning orders which would treat all of Gurule's children fairly without the participation of all affected parties,[2] the trial court entered orders reducing Gurule's monthly child support obligations to $350.00 and $175.00 to Caravalho and Wolford respectively, effective March 1, 2015.[3] The orders also awarded all future tax exemptions to the mothers, subject to future petitions to modify.

¶5 Gurule filed a motion for new trial in each case, and both motions were denied. Gurule timely appealed, and the appeals were

---

[2] One of the child support orders not subject to the trial court's modification order originated in Maricopa County, and the other in Pinal County. Had Gurule filed petitions to modify all the child support orders simultaneously, and the mother in Pinal County agreed to proceed in Maricopa County, *see* A.R.S. § 12-405 ("A superior court may, upon written consent of the parties or their attorneys . . . transfer the action for trial to the superior court of another county."), the court could have consolidated the cases, and the outcome would have likely been more manageable, comprehensive, and equitable with respect to all ten children, *see* Ariz. R. Fam. L.P. 5(A).

[3] In each order, the trial court additionally assessed monthly arrearage payments of $50.00 and monthly clearinghouse fee payments of $5.00.

consolidated. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1) and (A)(5)(a).

## DISCUSSION

**¶6** On appeal, Gurule argues: (1) the trial court abused its discretion in deviating from the child support guidelines, (2) the court erred in awarding all future tax exemptions for the children to Caravalho and Wolford, and (3) the court's effective date for the modification order was legally invalid. We review an order setting child support obligations for an abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983) (citing *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979)). A trial court abuses its discretion when it commits an error of law in reaching a discretionary conclusion. *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331, ¶ 5 (App. 2001) (quoting *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982)).

### I. Deviation from the Child Support Guidelines

**¶7** Gurule first argues the trial court improperly deviated from the Guidelines because application of the self-support reserve test shows he is unable to pay Wolford and Caravalho child support while maintaining a minimum standard of living. Gurule's current position is inconsistent with the position he took with the trial court, and he is thus judicially estopped from asserting a different position on appeal. *See State v. Towery*, 186 Ariz. 168, 182 (1996) (noting judicial estoppel "is invoked to protect the integrity of the judicial process by preventing a litigant from using the courts to gain an unfair advantage") (citations omitted).

**¶8** To apply judicial estoppel: "(1) the parties must be the same, (2) the question involved must be the same, and (3) the party asserting the inconsistent position must have been successful in the prior judicial proceeding." *Id.* (citing *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 483-84 (1977)). For purposes of judicial estoppel, success means, "the party gained judicial relief as a result of asserting the particular position in the first proceeding." *Id.* at 183 (citing *Standage*, 114 Ariz. at 484, and *State Farm Auto Ins. v. Civil Serv. Emps. Ins.*, 19 Ariz. App. 594, 600 (1973)).

**¶9** Here, the parties to the appeal were also parties to the proceeding at the trial court, and the question regarding the applicability of the Guidelines is the same question the court addressed in its modification order, satisfying the first two requirements of the judicial estoppel doctrine. As to the third requirement, Gurule obtained judicial relief by successfully obtaining a downward modification of his child support obligation, albeit less than the reduction he requested.

**¶10**        Indeed, the record reflects Gurule effectively argued against applying the self-support reserve test by asserting in his petition, and at trial, that his child support obligations be reduced to $290.75 and $191.64. Gurule never asserted that the self-support reserve test be used to calculate his child support obligations, nor that his child support obligations to Caravalho and Wolford be reduced to zero.  Even after the State explained its calculation under the self-support reserve test would result in Gurule having no child support obligations to Caravalho and Wolford, when the court thereafter asked Gurule how much child support he thought the children should receive in light of that calculation, Gurule said he was willing to pay $150.00 per child.  We therefore conclude Gurule is judicially estopped from arguing on appeal that the trial court improperly disregarded the self-support reserve test.

**¶11**        Furthermore, although a court is obligated to perform the self-support reserve test "to verify that the noncustodial parent is financially able both to pay the child support order and to maintain at least a minimum standard of living," Guidelines § 15, the trial court is also obligated to deviate from the amount calculated pursuant to the Guidelines if, after considering all relevant factors and applicable case law, all the following criteria are met:

1. Application of the guidelines is inappropriate or unjust in the particular case,

2. The court has considered the best interests of the child in determining the amount of a deviation.  . . .

3. The court makes written findings regarding 1. and 2. above in the Child Support Order, Minute Entry or Child Support Worksheet,

4. The court shows what the order would have been without the deviation, and

5. The court shows what the order is after deviating.

Guidelines § 20(A). Our review reveals the trial court made the required findings in its modification orders and, given the unique circumstances presented in this case, did not abuse its discretion.[4]

## II. Allocation of Federal Tax Exemptions

**¶12** Gurule also argues the trial court erred in allocating all future tax exemptions to Wolford and Caravalho. We disagree. When a history of nonpayment of child support exists, "[t]he court may deny the right to a present or future tax exemption." Guidelines § 27. At the hearing, Gurule admitted he owed over $10,000 in back child support to Caravalho and did not dispute owing approximately $5,000 in back child support to Wolford. It was therefore within the court's discretion to award future tax exemptions, subject to future petitions to modify, to Wolford and Caravalho, and we find no error.

## III. Effective Date of the Modification Order

**¶13** Finally, Gurule argues the trial court erred in setting the effective date of its modification order as March 1, 2015 — the month following the hearing and order — and the effective date should have been June 1, 2014 under A.R.S. §§ 25-327(A) and -503(E). These statutes direct that modifications and terminations "are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date." A.R.S. §§ 25-327(A), -503(E).

**¶14** Following the presentation of evidence at the hearing, the trial court announced on the record, "My orders are going to take place in the equity situation March 1 of this year." The record reflects the court was cognizant of the hardship a retroactive reduction of child support payments

---

4       Our review reveals the trial court's calculation of Gurule's child support obligation to Caravalho included credit given to Gurule for $1,207.00 in monthly court-ordered child support paid to other relationships. However, he was only entitled to credit for $962.50. Giving Gurule proper credit results in a finding that, after applying the self-support reserve test, Gurule was able to pay $200.30 — as opposed to zero — in child support payments to Caravalho while maintaining a minimum standard of living. The court's miscalculation was harmless error; using the correct figure would have only reduced the amount of the court's deviation from the Guidelines rather than change the amounts ordered.

would place upon Caravalho and Wolford, each of whom have low incomes. It is also apparent the court was balancing the necessary reduction of Gurule's child support obligations with the best interests of the three children affected by its modification order, the $718.00 Gurule was ordered to provide for just two of his other children, and the fact that the five children in Gurule's home would benefit from the balance of Gurule's income and assets. The court specifically articulated its concern that it would be unfair to "use one child against another child to penalize a child outside [Gurule's] house."

¶15 The court determined equity required that it not make the modification order retroactive but, rather, allow it to begin on the first day of the following month. Our review of the record reveals the trial court had good cause to do so and did not abuse its discretion.

## CONCLUSION

¶16 The orders of the trial court reducing Gurule's child support obligation to Wolford and Caravalho are affirmed.

¶17 Wolford requests an award of attorneys' fees and costs pursuant to A.R.S. § 25-324. After considering the financial resources of the parties and the reasonableness of each party's position pursuant to A.R.S. § 25-324, we decline to award attorneys' fees. As the prevailing parties, however, Wolford and Caravalho are entitled to recover their costs on appeal upon compliance with ARCAP 21(b). *See* A.R.S. § 12-341.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama