NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ARACELY RIOS ACUNA, *Petitioner/Appellee,*

*v.*

MARVIN GEOVANNI PRADO PINEDA, *Respondent/Appellant.*

No. 1 CA-CV 21-0603 FC
FILED 4-4-2023

Appeal from the Superior Court in Maricopa County
No. FN2019-006227
The Honorable Michael Rassas, Judge

**AFFIRMED**

COUNSEL

Strong Law, Phoenix
By Marc R. Grant Jr.
*Petitioner/Appellee*

Michael L. Gertell LLC, Phoenix
By Michael L. Gertell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

**¶1**        Marvin Geovanni Prado Pineda ("Husband") appeals the superior court's decree of dissolution.  He argues the court erred in (1) awarding a parcel of real property ("the Montecito property") to Aracely Rios Acuna ("Wife") as her sole and separate property with no community lien to Husband and (2) applying the *Drahos*[1] formula to calculate the community liens on two other properties ("the Hubbell property" and "the Cholla property") purchased during the marriage.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In October 2019, Wife petitioned to dissolve the parties' five-year marriage.  The primary issues at trial (and now on appeal) concerned whether to characterize the three properties—the Montecito, Hubbell, and Cholla properties—as Wife's separate property or community property and whether a community lien should attach to any of them.

**¶3**        In March 2014—two months before the parties married—Wife entered an agreement to purchase the Montecito property, and a warranty deed conveying the property to Wife was recorded that month.  In 2015— during the marriage—the parties acquired the Hubbell and Cholla properties to use as rental properties.  In 2017, Husband signed separate warranty deeds conveying the Hubbell and Cholla properties to Wife as her sole and separate property.

---

[1]        *See Drahos v. Rens*, 149 Ariz. 248 (App. 1985).  This court refined the *Drahos* formula in *Barnett v. Jedynak*, 219 Ariz. 550 (App. 2009), and the formula may also be called the *Drahos/Barnett* formula.  *See Saba v. Khoury* (*Saba II*), ___ Ariz. ___, ___, ¶ 1, 516 P.3d 891, 893 (2022), *vacating Saba v. Khoury* (*Saba I*), 250 Ariz. 492 (App. 2021).

**¶4** The court held a trial in July 2021. Both parties testified and presented exhibits regarding the real property characterization, valuation, and division matters, and each presented expert testimony on whether Husband's signatures on the May 2017 warranty deeds had been forged.

**¶5** After taking the matter under advisement, the court issued the dissolution decree in August 2021. The court awarded the Montecito property to Wife as her sole and separate property with no community lien. The court also found that Husband had signed the warranty deeds to the Hubbell and Cholla properties in 2017 and awarded both properties to Wife as her sole and separate property, while calculating a community lien of $188,193.20 on the Hubbell property and $84,530.59 on the Cholla property. The court ordered Wife to pay Husband his half of each lien on the two properties.

**¶6** Husband filed a timely notice of appeal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

I. Montecito Property Award

**¶7** Husband argues the superior court erred when it awarded the Montecito property to Wife without awarding him an equitable lien on the property. He contends he is entitled to such a lien because (1) trial exhibits raise questions whether the property was "completely paid in full before the marriage" as Wife testified and the court found, (2) the parties used community funds to pay for the mortgage and improvements, and (3) he testified he performed work on the Montecito property.

**¶8** We view the evidence in the light most favorable to upholding the decree. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522, ¶ 1 n.1 (App. 2007). Although we review *de novo* the court's classification of property as separate or community, we review the distribution of property for an abuse of discretion. *Id.* at 523, ¶ 4.

**¶9** We will affirm if substantial evidence supports the court's decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and absent an abuse of discretion, will not substitute our opinion for that of the superior court, *Deatherage v. Deatherage*, 140 Ariz. 317, 319 (App. 1984). We defer to the superior court's credibility determinations and the weight it gave any conflicting evidence, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998), and we will not set aside the court's findings of fact unless they are

clearly erroneous, Ariz. R. Fam. Law P. 82(a)(5). We also assume the court considered all relevant information in the record. *See Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397 (App. 1996).

¶10 Here, Husband contended that he and Wife used community funds to pay the mortgage on the Montecito property; Wife testified, however, that she purchased the property as her sole and separate property and that she fully paid any balance owed on the property before the marriage. Although some evidence supports Husband's contention, Wife explained or offered controverting testimony. And in determining there was no community interest in the Montecito property, the court found that, although Husband testified that he made repairs and remodeled the home, he failed to provide corroborating evidence. In effect, the court found Husband less credible than Wife on this issue, a determination we will not revisit. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Husband's arguments to the contrary are insufficient to show error. *See Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 193 (App. 1992).

II.    Hubbell and Cholla Property Awards

¶11 Husband argues the superior court erred when it awarded the Hubbell and Cholla properties to Wife and calculated a community lien using the *Drahos* formula. Husband argues that, at minimum, he should have received "half of the equity of the value of the properties" because they were purchased during the marriage, and paid for and improved with community funds.

¶12 Property acquired during marriage is presumed to be community property, *see* A.R.S. § 25-211(A), and a spouse seeking to rebut that presumption must prove by clear and convincing evidence that the property is separate, *Brebaugh v. Deane*, 211 Ariz. 95, 97-98, ¶ 6 (App. 2005) (citation omitted). A signed disclaimer deed, absent fraud or mistake, rebuts the community presumption. *See Bell-Kilbourn*, 216 Ariz. at 522-24, ¶¶ 1, 9-12. Much like a signed disclaimer deed, the warranty deeds Husband signed in 2017 provided proof that the parties by agreement changed the Hubbell and Cholla properties' status. *See In re Sims' Estate*, 13 Ariz. App. 215, 216-17 (1970). Husband attempted to nullify the warranty deeds' effect by showing that the deeds resulted from fraud. *See Powers v. Guar. RV, Inc.*, 229 Ariz. 555, 562, ¶ 27 (App. 2012). But the court rejected that claim, and Husband does not challenge that determination on appeal. Accordingly, Husband has not shown that finding was error, and the Hubbell and Cholla properties are Wife's separate property subject to an equitable lien on each.

¶13            Determination of the community interest in an equitable lien in separate property is a mixed question of fact and law. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). We defer to the superior court's factual findings but review its legal conclusions *de novo*. *See Helvetica Servicing, Inc. v. Pasquan*, 249 Ariz. 349, 352, ¶ 10 (2020).

¶14            A community's interest in appreciated separate property can generally be calculated using the *Drahos* formula: C + [(C/B) x A], where A = appreciation in the separate property's value during the marriage, B = the appraised value of the separate property as of the date of the marriage (or the purchase price if purchased later), and C = the community's contributions to principal. *See Saba II*, 516 P.3d at 895, ¶ 12; *Femiano v. Maust*, 248 Ariz. 613, 617, ¶ 19 (App. 2020), *disapproved in part by Saba II,* 516 P.3d at 897, ¶¶ 18-19. The formula is "a value-at-dissolution formula which takes into account the enhanced value of the property . . . rather than an amount-spent formula, which is a simple reimbursement scheme." *Drahos*, 149 Ariz. at 250. Thus, it "is an appropriate starting point for courts to calculate a marital community's equitable lien on a spouse's separate property." *Saba II*, 516 P.3d at 896, ¶ 14 (footnote omitted).

¶15            Relying on *Femiano*, Husband argues the court erred in applying the *Drahos* formula because the Hubbell and Cholla properties were purchased during the marriage and no separate funds were spent on them. *See Femiano*, 248 Ariz. at 617-18, ¶¶ 20-21, 23. *Femiano* distinguished *Drahos* by noting "that formula was crafted in a context of a separate property residence on which both separate and community funds were expended." *Id.* at 614-15, ¶ 1. *Femiano* ruled a marital community is entitled to an equitable lien for the full increase in equity "if the community pays all costs associated with purchasing and improving a separate property residence acquired during marriage—with no separate capital contributions." *Id.* at 615, ¶ 1.

¶16            Our supreme court rejected Husband's reasoning in its recent opinion in *Saba II*, however, which disagreed with *Femiano*'s analysis and conclusion, and instead held:

> The formula [the *Femiano* court] introduces effectively treats separate property as community property, giving no credit for the separate ownership of the property. Again, the object is a fair *reimbursement of community funds*, not an *equitable division of property*. The holding in *Femiano* assumes that the community's contributions are the sole cause of the property's increase in value and fails to credit the separate

property owner with any increase in value due to simple market appreciation. We disapprove *Femiano*.

*Saba II*, 516 P.3d at 897, ¶ 19 (footnote omitted).[2]

**¶17**      The superior court found that Wife failed to meet her burden to show that she used sole and separate funds to purchase or make mortgage payments on the Hubbell and Cholla properties. The court further noted and ostensibly found credible Husband's testimony that he contributed to those properties by making improvements and restoring the Cholla home, which had previous "burn damage." Based on these findings, the court determined that a community lien on each property was appropriate despite Husband's decision to sign the warranty deeds, and the court applied the *Drahos* formula in calculating the community liens. Husband has shown no abuse of discretion, as the superior court was not necessarily bound by any one calculation method, but could select a method that appeared to "achieve substantial justice between the parties." *Saba II*, 516 P.3d at 896, ¶ 16 (quoting *Cockrill v. Cockrill*, 124 Ariz. 50, 54 (1979)). Accordingly, we affirm the superior court's community lien valuations on the Hubbell and Cholla properties.

### III.      Attorneys' Fees and Costs on Appeal

**¶18**      Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. Having considered the relevant factors and in an exercise of our discretion, we decline to award attorneys' fees to either party. We award Wife her taxable costs upon compliance with Rule 21, ARCAP.

---

[2]      Our supreme court further noted that "the *Femiano* court also neglected to account for the fact that the owner spouse is still liable for the balance on the loan after dissolution. This mistakenly allocated all the benefit from the purchase of the property to the community but none of the risk." *Saba II*, 516 P.3d at 897, ¶ 19 n.5 (citing *Saba I*, 250 Ariz. at 497, ¶ 17). The owner spouse in *Saba I* and *II* was solely liable for the outstanding loan balance, whereas here, both Wife's and Husband's names are still on the loan documents. Thus, Husband continues to bear some of the associated risk, but he develops no argument as to how his case might be compared with or distinguished from *Saba II* on this basis, meaning he has waived any such argument. *See State v. Carver*, 160 Ariz. 167, 175 (1989); *Cruz v. City of Tucson*, 243 Ariz. 69, 75, ¶ 23 (App. 2017).

**CONCLUSION**

¶19        The superior court's dissolution decree is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA

7