NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ROSALVA CARDENAS-TERAN, *Petitioner/Appellee*,

*v.*

RUBEN VEGA-FERNANDEZ, *Respondent/Appellant*.

No. 1 CA-CV 22-0377 FC
FILED 4-11-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-004262
The Honorable James N. Drake, Jr., Judge

**REVERSED AND REMANDED**

COUNSEL

Bert L. Roos Attorney at Law, Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellee*

Pittman Law Offices, PLLC, Mesa
By Samuel Q. Pittman
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Maurice Portley[1] delivered the decision of the Court, in which Vice Chief Judge David B. Gass and Judge Brian Y. Furuya joined.

---

**P O R T L E Y**, Judge:

¶1        The superior court found that mistake or fraud made a disclaimer deed ineffective to overcome the presumption that real property purchased during the parties' marriage was community property. We hold that the court erred because not only were the defenses of mistake and fraud not properly alleged, but also they were not supported by sufficient evidence.  We reverse the community-property award as to this real property only and remand for the superior court to designate that property as separate, determine the value of any community lien, and allocate the property accordingly.

## FACTS AND PROCEDURAL HISTORY

¶2        Rosalva Cardenas-Teran ("Wife") and Ruben Vega-Fernandez ("Husband") married in 2009.  The next year, Husband took out a secured loan and acquired title to a residence ("the Residence") in his name.     According   to   Husband,   and   confirmed   by   Wife   in   a contemporaneous disclaimer deed disavowing any interest in the Residence, Husband used his separate property for the $800 down payment and the closing costs.

¶3        Wife petitioned for dissolution in 2021.  She asserted in her pretrial statement that the Residence was community property, but she did not allege in that statement or in her pleadings that the disclaimer deed was the product of mistake or fraud.  She instead stated that the mortgage company had required that the Residence be titled in Husband's name due to Wife's undocumented immigration status and financial considerations.

¶4        At trial, Wife testified that she sought only the equity accumulated in the Residence during the marriage.  She stated that she had

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

signed "something for [Husband] so that they would be able to give him the [Residence]" and believed that if she did not sign, "then they were going to ask [for immigration] documentation from [her], and [she] didn't want to get involved in that" because she "didn't have documentation to be able to give them and [she] really liked the house." She further commented that she "obviously . . . wasn't counting on the idea that ten years later [she] was going to get divorced." She testified that she has only a very basic understanding of English, which was the language used in the loan documents and the disclaimer deed. She stated she did not remember whether any documents were translated for her and did not know what she signed except she "knew that [she] needed to sign it so that [Husband] could get the house."

**¶5** The superior court ultimately ruled in the dissolution decree that the Residence was to be equally divided as community property because Wife's testimony established mistake or fraud by clear and convincing evidence. Husband timely appeals, arguing that the Residence is his separate property. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6** The superior court's classification of property as community or separate is a question of law that we review *de novo*. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

**¶7** Though property acquired during the marriage presumptively is community property, a disclaimer deed rebuts that presumption and is enforceable absent mistake or fraud. *Id.* at 523–24, ¶¶ 7–11; *Bender v. Bender*, 123 Ariz. 90, 92–93 (App. 1979). As an initial matter, a party challenging a disclaimer deed must identify that challenge in the pretrial statement in order to properly present it for trial. *See* Ariz. R. Fam. L.P. 76.1(g)(6); *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) (construing identical provision in civil rules). Further, mistake or fraud must be pled affirmatively and proved by clear and convincing evidence. *Bender*, 123 Ariz. at 94; *Femiano v. Maust*, 248 Ariz. 613, 616, ¶ 10 (App. 2020), *disapproved of on other grounds by Saba v. Khoury*, 516 P.3d 891, 897, ¶¶ 18–19 (Ariz. Sept. 14, 2022).

**¶8** Here, the superior court correctly recognized that the disclaimer deed rebutted the community-property presumption. The court erred, however, by invalidating the disclaimer deed based on mistake or fraud. As an initial matter, those defenses were not properly before the

court—Wife neither pled them[2] nor squarely identified them in her pretrial statement, and at trial she testified that she sought only a share of community equity.

¶9          Moreover, even assuming the court could consider mistake or fraud, the evidence was insufficient to support either defense. Mutual mistake exists when the parties' written agreement does not express their intent, and unilateral mistake exists when one party engaged in fraud or other inequitable conduct. *Hill-Shafer P'ship v. Chilson Fam. Tr.*, 165 Ariz. 469, 473 (1990); *Jeffries v. First Fed. Savs. & Loan Ass'n of Phx.*, 15 Ariz. App. 507, 510 (1971). Fraud requires, *inter alia*, proof that one party relied on the other's knowingly false material representation. *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291–92, ¶ 14 (App. 2010). Here, there was no evidence of mutual mistake. And though Wife's testimony suggested that the disclaimer deed may not have been translated for her and she may not have fully understood the import of her signature on that document, she did not present clear and convincing evidence that she signed in reliance on another's knowingly false representation or other inequitable conduct.

¶10          The only conclusion supported by the evidence is that the Residence is Husband's separate property. That said, if the community made contributions to the Residence during the marriage, the community is entitled to an equitable lien based on the value of those contributions. *See Bell-Kilborn*, 215 Ariz. at 524, ¶ 12. We note that depending on the evidence, an equitable lien may result in an allocation substantially like the one appealed.

## CONCLUSION

¶11          We reverse the superior court's characterization of the Residence as community property. We remand for the court to award the Residence to Husband as his separate property and determine the extent to which Wife is entitled to a share in the equity based on community

---

[2]     Because Wife did not plead mistake or fraud, we need not determine whether the heightened pleading standard required in civil cases applies in family law cases. Before the family law rules were enacted, we applied the civil standard in family law. *See Bender*, 123 Ariz. at 94. The family law rules, however, do not describe a heightened pleading standard for fraud or mistake—they merely provide that a respondent must "state in simple terms its defenses to each claim asserted against the party." Ariz. R. Fam. L.P. 24(b)(1)(B).

expenditures. In the exercise of our discretion, we deny Husband's requests for attorney's fees on appeal under A.R.S. §§ 12-341.01 and 25-324.



AMY M. WOOD • Clerk of the Court
FILED: AA