NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BERTHA ALICIA GUTIERREZ, *Petitioner/Appellant*,

*v.*

RAMOS EUFEMIO LOPEZ MARTINEZ, *Respondent/Appellee*.

No. 1 CA-CV 22-0028 FC
FILED 5-4-2023

Appeal from the Superior Court in Maricopa County
No.  FN2020-004318
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

The Sobampo Law Firm PLLC, Phoenix
By F. Javier Sobampo
*Counsel for Petitioner/Appellant*

Pena Law Firm, PLLC, Phoenix
By Jorge A. Pena
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

¶1        Bertha Alicia Gutierrez ("Wife") appeals from a decree of dissolution of marriage between her and Ramos Eufemio Lopez Martinez ("Husband"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife met in 2011 and began living together sometime between late 2011 and early 2012. In 2013, three years before they married, Husband and Wife signed a contract to purchase a house on 5th Street in Phoenix ("the House"). The deed conveying the House listed only Husband as grantee. Husband and Wife lived together in the House for a few months before moving into another home they purchased together; they then rented out the House. The couple married in 2016, and Wife petitioned for divorce in 2020.

¶3        Wife conceded the House was not community property but claimed she had an interest in it based on an alleged agreement with Husband to combine financial resources and jointly purchase properties. She relied on *Cook v. Cook*, 142 Ariz. 573 (1984) (holding in part that unmarried cohabiting couples could enter enforceable agreements to pool their income and divide assets), and *Carroll v. Lee*, 148 Ariz. 10 (1986) (holding in part that service to a shared household can be sufficient consideration to support an implied agreement between unmarried cohabitants to jointly acquire and own property) to support her contract theory and argued the cases were relevant to her claim both in her pleadings and at trial. Husband argued that the House was his sole and separate property.

¶4        Wife claimed she and Husband each paid approximately half of the $22,000 purchase price of the House, including a $10,000 down payment, using funds from joint bank accounts. Wife testified in support of her claims and introduced as evidence the purchase contract, a bank

statement showing a $10,000 withdrawal from a joint account shared by the parties, and "money receipts" signed by the seller of the House stating he received payments totaling $19,000 from the parties. In 2021, before the dissolution trial was set, Wife filed a separate civil lawsuit against Husband asserting an interest in the House.

**¶5**      The superior court assigned the House to Husband as his sole and separate property in the dissolution decree. Wife appeals. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**      Wife argues that the superior court erred by "failing or refusing to apply" the legal analysis of *Cook* and *Carroll* to resolve her contract claim. Husband responds that the court did not err because the parties had no contract to jointly own the House.

**¶7**      Specifically, Wife claims the following sentence in the dissolution decree supports her contention that the court failed to resolve her contractual claim: "Even at trial, counsel for Wife noted [disposition of the House] was a contract issue, and not a family court issue, which was why there was a civil case between the parties at the time of the dissolution trial." We disagree.

**¶8**      As Arizona's "single unified trial court of general jurisdiction," *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102 (1995), the superior court has original jurisdiction over both divorces and cases involving title to real property, Ariz. Const. art. 6, § 14(2) (real property) and (9) (divorce). Thus, a "domestic relations court" may decide "a contract action [requiring] the adjudication of separate property interests," and it must do so when the outcome of that adjudication is intertwined with the equitable distribution of a divorcing couple's property. *Roden v. Roden*, 190 Ariz. 407, 409–10 (App. 1997) *superseded in part by statute*, 1996 Ariz. Sess. Laws, ch. 145, § 9. (adding the reasonableness of parties' positions as a factor to consider in awarding attorneys' fees in a dissolution action). A dissolution court must equitably distribute not only community property but also any separate property "held in common" between the spouses during a dissolution proceeding. A.R.S. § 25-318(A); *see also Toth v. Toth*, 190 Ariz. 218, 219–20 (1997) (holding that separate joint-tenancy property should be equitably distributed in the same manner as community property under Section 25-318(A)).

**¶9** Accordingly, the superior court's failure or refusal to consider Wife's contract claim here would be an abuse of discretion. *See Roden*, 190 Ariz. at 409–10. But we must presume that the superior court knew and correctly applied the law. *See State v. Trostle*, 191 Ariz. 4, 22 (1997).

**¶10** Wife had the burden to prove the existence of the contract she alleged. *Cf. Tabler v. Indus. Comm'n of Ariz.*, 202 Ariz. 518, 521, ¶ 12 (App. 2002) (noting the party asserting the existence of an oral contract has the burden of proof); *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013) (noting plaintiff in contract action has burden to prove contract's existence). The superior court assigned the House to Husband as his sole and separate property, which necessarily implies that the court determined Wife did not carry her burden. Because neither party requested that the superior court make specific findings of fact or conclusions of law, we assume the court found the alleged contract did not exist. *See* Ariz. R. Fam. Law. P. 82(a)(1) (requiring the court to make express findings of fact and conclusions of law "[i]f requested before trial"); *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979) (articulating standard of appellate review in absence of request pursuant to Rule 82(a)(1)). We will affirm the resulting decree if reasonable evidence supports that implicit finding. *See Bender*, 123 Ariz. at 92.

**¶11** Husband denied any agreement to jointly own the House with Wife. He testified that he used only his funds to purchase the House. Husband denied that the receipts Wife introduced accurately reflected payments made for the House, alleging inconsistencies in them. He also provided the title to the House, which listed only him as grantee, as evidence in support of his position. Although the parties provided conflicting evidence as to the House's ownership and the existence of the alleged agreement, we defer to the superior court's determination of witness credibility and its weighing of the evidence. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998). Reasonable evidence supported the court's finding that no contract existed and assignment of the House to Husband as his sole and separate property.

**¶12** Both parties request attorneys' fees under Section 25-324. In the exercise of our discretion, we decline to award attorneys' fees to either party. As the prevailing party, Husband is entitled to his taxable costs on appeal after his compliance with Arizona Rules of Civil Appellate Procedure 21.

**CONCLUSION**

¶13     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA