NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DOROTHY S. SCHMITZER, *Petitioner/Appellee*,

*v.*

MICHAEL A. SCHMITZER, *Respondent/Appellant.*

No. 1 CA-CV 19-0793 FC

FILED 9-17-2020

Appeal from the Superior Court in Maricopa County
No. FN 2018-052077
The Honorable Adam D. Driggs, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

APPEARANCES

Michael A. Schmitzer, Phoenix
*Respondent/Appellant*

Scott L. Patterson PLLC, Tempe
By Scott L. Patterson
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1 Michael Schmitzer ("Husband") appeals the superior court's decree dissolving his marriage to Dorothy Schmitzer ("Wife"). In 2018, Wife petitioned to dissolve her 30-year marriage to Husband. After a half-day trial, the court entered a decree dissolving the parties' marriage and dividing their assets and liabilities. Husband timely appealed.

¶2 We review the superior court's division of property and debts for an abuse of discretion. *Hefner v. Hefner*, 248 Ariz. 54, 54, ¶ 6 (App. 2019). An abuse of discretion occurs if the court commits an error of law or the record fails to provide substantial evidence supporting its ruling. *Schickner v. Schickner*, 237 Ariz. 194, 197, ¶ 13 (App. 2015). We defer to the court's factual findings unless clearly erroneous. *Id*. We review de novo the legal question of whether property should be classified as community or separate. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

¶3 Husband argues insufficient evidence supports various provisions of the decree allocating assets, including retirement funds, bank accounts, and funds obtained from the sale of a limited liability company. But Husband failed to provide a transcript of the trial for our review. *See* ARCAP 11(c)(1)(A) (imposing duty on appellant to ensure record contains all documents deemed necessary for proper consideration of issues on appeal). We must therefore presume the missing transcript supports the court's findings and conclusions relating to the allocation of such assets. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶4 Husband contends the superior court erred as a matter of law by awarding Wife a one-half interest in two developed real estate parcels, referred to as the "Surprise" and "Bungalow" properties. When the parties acquired each property, in 2009 and 2010, respectively, Wife signed disclaimer deeds, stating in part Husband solely owned the properties and she "has no present or future right, title, or interest claim or lien of any kind or nature whatsoever in, to, or against the [properties]."

¶5            Property acquired during a marriage is presumed to be community property.  A.R.S. § 25-211(A).  But a disclaimer deed, as a binding contract between the parties, rebuts that presumption.  *Bell–Kilbourn*, 216 Ariz. at 523–24, ¶¶ 7, 11.  The burden then shifts to the party who signed the disclaimer deed to prove by clear and convincing evidence the deed is unenforceable on grounds of fraud or mistake.  *Femiano v. Maust*, 248 Ariz. 613, 616, ¶ 10 (App. 2020).

¶6            Because the disclaimer deeds were admitted as evidence at trial, Husband rebutted the community-property presumption.  Wife then bore the burden to present clear and convincing evidence the deed was the result of fraud or mistake.  But the superior court did not decide whether Wife met her burden.  Instead, it ruled as follows:

> Wife asks the Court to set aside the Disclaimer Deeds or in the alternative, find that Husband holds Wife's 50% interest in the properties in a Constructive Trust.  Wife cites *Murillo v. Hernandez*, 79 Ariz. 1 (1955) for the proposition that when a confidential relationship exists between two parties and one party deeds property to the other, coupled with a promise to reconvey the property back to the grantor, even though no active fraud by the grantee in procuring the conveyance is shown, a constructive trust exists.  The Court agrees.

The court then determined Wife would receive a 50% interest in the Sunrise and Bungalow properties.

¶7            In *Murillo*, our supreme court recognized that when a confidential relationship, such as marriage, exists "between two parties, even though no active fraud by the grantee in the procuring of a conveyance be shown, the mere existence of such confidential relation, when coupled with a promise to reconvey, creates a constructive trust."  *Murillo*, 79 Ariz. at 6–7.

¶8            Unlike her position in the superior court, Wife does not defend the court's decision to impose a constructive trust, an understandable posture given that our research does not reveal any appellate decision that has imposed a constructive trust under *Murillo* in the face of an otherwise valid disclaimer deed.  And as Husband notes, *Murillo* is distinguishable because Wife never deeded either of the two properties to Husband before she signed the disclaimer deeds, meaning there could not have been a promise to "reconvey" the properties to Wife.  Thus, the superior court erred by imposing a constructive trust and by

failing to address whether Wife proved by clear and convincing evidence the disclaimer deeds were unenforceable due to fraud or mistake.

¶9 Wife contends nonetheless the superior court made an implicit finding of fraud. We are unwilling to infer such a finding because there is no indication the court applied the well-established principle that a disclaimer deed rebuts the community property presumption. *See Bell–Kilbourn*, 216 Ariz. at 523, ¶ 7. Wife also argues that even if the court did not make an implicit finding of fraud, "the community would have 100% liens" on the properties, entitling her to "50% interest as ordered." Her argument fails because distribution of equity is a separate inquiry from whether the community owns the two properties. *See id.* at 524, ¶ 12. Accordingly, we vacate the superior court's decision to impose constructive trusts on the Surprise and Bungalow properties and remand for the court to decide whether clear and convincing evidence establishes the disclaimer deed was induced by fraud or mistake. If the court determines the deeds are valid, it must then consider Wife's claims for equitable liens based on community expenditures. *See Femiano*, 248 Ariz. at 617, ¶ 17 ("Arizona has long recognized . . . that capital contributions made with community funds create a community interest in the separate asset that may be vindicated through an equitable lien.").

¶10 Husband also argues the superior court erred in failing to explicitly rule on his May 2018 request for attorneys' fees related to an emergency motion concerning the parties' cellular phone service. Simply because the court failed to specifically address Husband's request does not mean it erred. *State v. Hill*, 174 Ariz. 313, 323 (1993) (noting that a "motion not ruled on is deemed denied by operation of law"). Moreover, in addressing attorneys' fees as part of the decree, the court considered each party's arguments concerning the reasonableness of the other's conduct during the proceedings, ultimately finding Husband acted unreasonably during discovery and his misconduct warranted a partial award of attorneys' fees to Wife. Husband does not contest that finding.

¶11 Finally, Husband argues the superior court erred in accepting Wife's pretrial statement two and a half days late. Arizona Rule of Family Law Procedure 65(b)(1) authorizes the court to impose sanctions against a party who fails to comply with discovery rules, which may include "striking pleadings in whole or in part" or "prohibiting the disobedient party from supporting or opposing designated arguments, or from introducing designated matters in evidence." We review the court's decision to impose or deny such sanctions for an abuse of discretion. *See Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018).

¶12      Husband did not allege in the superior court he was harmed by Wife's delay in filing her pretrial statement. On appeal, he argues for the first time that Wife's untimely filing reduced his trial preparation time in half and severely prejudiced his case. Even assuming the argument is not waived, Husband does not offer any specifics to support his assertion of prejudice, nor does he identify what additional evidence or argument he would have presented if he had received Wife's pretrial statement two days earlier. The court acted within its discretion in allowing Wife's late filing. *See* Ariz. R. Fam. Law P. 86 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

¶13      Wife requests an award of attorneys' fees and costs incurred on appeal under A.R.S. § 25–324, which allows a court to award a reasonable amount of attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." In our discretion, we deny her request. As the successful party on appeal, Wife is awarded taxable costs upon compliance with ARCAP 21.

¶14      We vacate the portion of the superior court's decree of dissolution awarding Wife a 50% interest in the Surprise and Bungalow properties, affirm the remainder of the decree, and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA