IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

HANI W. SABA,
*Petitioner/Appellant/Cross-Appellee,*

*v.*

SAWSAN KHOURY,
*Respondent/Appellee/Cross-Appellant.*

No. 1 CA-CV 19-0609 FC

FILED 1-21-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-052690
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon, Alexandra Sandlin
*Counsel for Petitioner/Appellant/Cross-Appellee*

Burt Feldman & Grenier, Phoenix
By Amy M. Wilkins, Laura C. Brosh
*Counsel for Respondent/Appellee/Cross-Appellant*

**OPINION**

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        Hani Saba ("Husband") appeals from the superior court's decree of dissolution of his marriage to Sawsan Khoury ("Wife"). Husband argues the court erred by (1) upholding the validity of his disclaimer deeds and (2) improperly applying the formula to calculate community liens on Wife's separate property. Wife cross appeals, arguing the court erred by crediting the community with loan payments (1) made from her separate bank account and (2) made before Husband disclaimed his interest in Leisure Lane. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife married in 2009 and have one minor child. During the marriage they purchased two Phoenix houses, one located on Leisure Lane ("Leisure Lane") and the other on 30th Way ("30th Way").

¶3        The parties purchased Leisure Lane in 2010 using community funds to make the down payment. They deeded the property only to Wife, as an "unmarried woman," however, so they could obtain a first-time homeowner tax credit and because, given Husband's poor credit, Wife was the sole borrower named on the home loan. Approximately 2.5 years later, the parties refinanced the property for a lower interest rate. Because Wife remained the sole borrower on the loan, the title company required Husband to sign a disclaimer deed, disclaiming all "right, title, interest, claim and demand" in Leisure Lane. Wife also executed a new warranty deed to describe Leisure Lane as her sole and separate property as a married woman. The parties also purchased 30th Way in 2010 using community and Wife's separate funds to make the down payment. Wife took title to the home as her sole and separate property, and Husband signed a disclaimer deed. The parties rented out both properties. They deposited the rents in Wife's separate Chase bank account X8995 ("8995") and made the loan payments on the homes through the same account.

2

¶4 Husband filed a dissolution petition in April 2017. After a two-day dissolution trial, the superior court entered a decree dissolving the parties' marriage and dividing their assets and liabilities. Husband timely appeals and Wife cross-appeals. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5 These appeals present three issues: the validity of Husband's disclaimer deeds; the characterization of Wife's 8995 account as community property; and whether the superior court properly applied the valuation formula to the Leisure Lane and 30th Way properties. "We review de novo the legal question of whether property should be classified as community or separate." *Femiano v. Maust*, 248 Ariz. 613, 615, ¶ 9 (App. 2020). We review the record on which the superior court based that classification in the light most favorable to upholding its decision. *Cooper v. Cooper*, 130 Ariz. 257, 260 (1981). And we will not alter the superior court's community property distribution absent an abuse of that court's broad discretion to apportion the community property. *Barnett v. Jedynak*, 219 Ariz. 550, 553, ¶ 10 (App. 2009). The superior court abuses its discretion if it commits an error of law when exercising discretion. *Id.*

## 1. Husband's disclaimer deeds

¶6 Husband argues the superior court erred by upholding the validity of his deeds, which disclaimed any interest in Leisure Lane and 30th Way. Property acquired during marriage is presumed to be community property. A.R.S. § 25-211(A); *see also Brebaugh v. Deane*, 211 Ariz. 95, 97–98, ¶ 6 (App. 2005). The community property presumption can be rebutted with a signed disclaimer deed. *See Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979). A disclaimer deed is valid and enforceable unless the disclaiming party proves by clear and convincing evidence that the deed was procured by fraud or mistake. *Femiano*, 248 Ariz. at 616, ¶ 10.

¶7 When the parties acquired Leisure Lane and 30th Way, Husband had poor credit. Although Husband intended for the two rental properties to benefit the community, Wife could obtain more favorable financing by applying for the loans by herself. Thus, title on the properties securing the two loans needed to be in her name alone.

¶8 Husband does not argue Wife procured the disclaimer deeds by fraud or mistake. Instead, he argues that disclaimer deeds, generally, should receive the same heightened scrutiny as postnuptial agreements in which married couples agree to divide their property. *See In re Harber's*

3

*Estate*, 104 Ariz. 79, 88 (1969). In *Harber*, the Arizona Supreme Court held that such an "agreement must be free from any taint of fraud, coercion or undue influence; that the [challenging party] acted with full knowledge of the property involved and [his or her] rights therein, and . . . was fair and equitable." *See id.* Further, the burden is on the party seeking to enforce the postnuptial agreement "to prove by clear and convincing evidence that the agreement was not fraudulent or coerced, or that it was not unfair or inequitable." *Id.* Husband cites *Austin v. Austin*, 237 Ariz. 201, 208, ¶ 20 (App. 2015), in which we applied that rule when a wife challenged a joint operating agreement of a limited liability company the couple formed to hold and manage her property. The superior court in *Austin* found the operating agreement imposed "permanent and significant limitations" on the wife's property rights and arguably transformed her separate property into community property. *Id.* at 207, ¶ 16.

**¶9**        The "higher standard" Husband advocates is essentially a call to analyze disclaimer deeds as postnuptial agreements. Earlier panels of this court have declined to do so. *See id.* at ¶¶ 17–18 ("[disclaimer] deeds are not analyzed as postnuptial agreements."); *see also Ahern v. Levitt*, 1 CA-CV 13-0763, 2015 WL 848193, at *2, ¶ 9 (Ariz. App. Feb. 26, 2015) (mem. decision). We similarly reject the invitation to do so here. Postnuptial agreements necessarily require both spouses' involvement and define each spouse's property rights in the event of death or divorce. Disclaimer deeds are unilateral and simply renounce ownership in property, effectively rebutting the presumption of community property. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 11 (App. 2007).

**¶10**        Married couples are free to determine the status of their property. *Id.* at 523, ¶ 7. Husband exercised that freedom by disclaiming his interests in Leisure Lane and 30th Way. Absent fraud or mistake, the disclaimer deeds must be enforced.

**2.        Wife's 8995 account**

**¶11**        When community and separate property are commingled in a single fund, the entire fund is presumptively community property "unless the separate property can be explicitly traced." *Cooper*, 130 Ariz. at 259 (citation omitted). The superior court concluded the parties commingled funds in 8995 and Wife failed to adequately distinguish, by tracing, which funds in that account should be considered her separate property. As a consequence, the court credited the community with all the payments made from 8995 to reduce the principal owed on the loans used to purchase the properties.

¶12 Wife argues she did not need to trace her separate property in 8995 because Husband failed to show that her separate property and community property were commingled in the account. But Wife's expert acknowledged the account was "occasionally" commingled. The parties transferred money from another account (7308), which Wife's expert categorized as community property, into 8995. Wife's expert also testified that these transfers into 8995 were "most often" rent payments from the parties' tenants. The expert later testified he could not recall any commingling of funds in 8995 although he acknowledged some "minor deposits." At least one deposit of "a couple hundred dollars" in 8995 remains unaccounted for, and Wife did not verify which funds remained her sole and separate property. The superior court, therefore, properly credited the community with all the payments made from 8995 toward the principal owed on the two home loans.

**3.        Valuation analysis**

¶13 When community funds are used to benefit separate property, the community is entitled to a lien on that property, calculated by applying a value-at-dissolution formula. *See Drahos v. Rens*, 149 Ariz. 248, 250 (App. 1985). When the property increased in value during the marriage, we use a modified *Drahos* formula to compensate the community for its share of a property's appreciation. *See Barnett*, 219 Ariz. at 555, ¶ 21. The resulting *Drahos/Barnett* formula is expressed as C+(C/B x A), where: C is the total of any community contributions to reduce principal; B is purchase price; and A is the amount the property appreciated during the marriage. *Id.*

¶14 For Leisure Lane, the superior court credited the community with contributions of $39,741.29. With a purchase price of $199,900 and appreciation of $145,100, the superior court calculated a community lien of $68,588.02. The parties purchased 30th Way for $170,001. The community contributed $25,176.70 and the property increased in value by $150,999. Consistent with *Drahos* and *Barnett*, the superior court calculated a $47,539.25 community lien for 30th Way.

¶15 Husband argues the *Drahos* formula is inequitable because it presupposes that the separate property owner has a superior interest in the property, resulting in a windfall in favor of that party. We are not persuaded. First, Husband's argument ignores his valid disclaimers of any interest in the two properties. Having disclaimed any right to the properties, he can hardly complain that the formula grants a superior interest in the properties to Wife, the sole owner of the properties. Second,

*Drahos* and related cases do not prioritize home equity as the basis for equitable liens. Instead, courts apply *Drahos* to reimburse the community for its contributions and reward those contributions with a proportionate share of appreciation. In this case, the community contributed $39,741.29 and $25,176.70 for Leisure Lane and 30th Way, respectively. The superior court apportioned community liens against each property that nearly doubled those contributions.

¶16 Husband also contends the superior court's application of *Drahos* to Leisure Lane was inequitable. Husband argues the community should be credited with all the home's appreciation because the community made the down payment and funded all the principal payments on the loan. He cites *Femiano*, 248 Ariz. at 617, ¶ 21. In *Femiano*, the wife had poor credit, so the couple purchased their marital home in the husband's name only. *Id.* at 615, ¶ 3. The wife also signed a disclaimer deed. *Id.* As with Leisure Lane, the couple made the down payment and all subsequent loan payments with community funds. *Id.* The panel in *Femiano* declined to apply *Drahos*, instead awarding the community an equitable lien equal to all its contributions plus the home's full appreciation. *Id.* at 617, ¶ 21.

¶17 We part company with *Femiano*. Awarding the community Leisure Lane's full appreciation ignores the reality of what the disclaimer deed represents. But for that disclaimer, Husband would be entitled to an equal interest in the full value of Leisure Lane. And an award under *Femiano* would ignore the fact that Wife remains solely liable for the outstanding loan balance. If the community were to receive 100% of the appreciation, then Husband would be rewarded with 50% of the property's upside with none of the risk on the downside. This result is inequitable and unreasonable.

¶18 Increases in property value resulting from a combination of separate property and community contributions must be apportioned accordingly. The separate property holder should not be stripped of the ability to recoup his or her investment, just as the community should not be deprived of an interest calculated on its contributions to the property's increased value. The *Drahos/Barnett* formula sufficiently balances these interests and apportions the appreciation in an equitable manner. We, therefore, affirm the superior court's community lien calculations for Leisure Lane and 30th Way consistent with *Drahos/Barnett*.

¶19 Finally, Wife argues the superior court erred by crediting the community with payments made on the Leisure Lane loan before Husband signed the disclaimer deed. We disagree. Equitable liens reimburse non-

owning spouses for the community's contributions towards separate property. *See Valento v. Valento*, 225 Ariz. 477, 481, ¶ 12 (App. 2010) (citing *Tester v. Tester*, 123 Ariz. 41, 43 (App. 1979)). Husband's disclaimer deed repudiated any past or present property ownership in Leisure Lane. The timing of Husband executing the disclaimer deed does not affect the application of the *Drahos* formula.

## ATTORNEYS' FEES

¶20  Husband and Wife both request attorneys' fees and costs under A.R.S. § 25-324 and ARCAP 21. We have considered the financial resources of both parties and find that neither party took unreasonable positions on appeal. We deny both requests.

## CONCLUSION

¶21  We affirm the decree of dissolution.



AMY M. WOOD • Clerk of the Court
FILED: AA