NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ADRIANNE JUSTINE BURTON, *Petitioner/Appellee*,

*v.*

BRIAN SCOTT BURTON, *Respondent/Appellant*.

No. 1 CA-CV 20-0666  FC
FILED 12-28-2021

Appeal from the Superior Court in Maricopa County
No.  FC2017-096032
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Erica Leavitt, Keith Berkshire
*Counsel for Petitioner/Appellee*

Brian Scott Burton, Gilbert
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1        Brian Burton ("Husband") appeals the superior court's classification of property in its decree dissolving his marriage to Adrianne Burton ("Wife"). Husband argues the court erred by finding he had no interest in (1) Wife's mother's ("Mother") bank account and (2) the marital residence. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in November 2010. Wife and her sister bought a home outright, before the parties' marriage. The funds for the home purchase came from Mother's checking account and, although Mother was still alive, the parties referred to this money as the sisters' "inheritance." Wife is an authorized signer on Mother's account, but Wife does not actively deposit or withdraw money from the account. The sisters sold the home one year into the parties' marriage, and Wife received 100% of the proceeds, which she deposited in Mother's account.

¶3        Wife bought another home outright in 2012 with the proceeds from the previous home. Husband disclaimed his interest in the new home by executing a disclaimer deed. Wife sold this home in 2016 and bought the home subject to this appeal ("Penrose home") in April 2016. Wife bought the Penrose home with funds from Mother's account because the sale of the previous home had not yet closed. And because the proceeds from the previous home's sale were insufficient to purchase the Penrose home outright, Mother loaned the difference to Wife.

¶4        On the same day as the purchase, Wife formed a trust to hold her property, including the Penrose home. Wife testified the parties intended to keep the Penrose home Wife's sole and separate property. The trust declaration named Wife as grantor and trustee, Husband as co-trustee, and the parties' children as the sole beneficiaries. Husband and Wife executed the trust declaration, and the parties took title to Wife's property as trustees.

2

¶5        Wife later removed her property from the trust, without Husband's objection, and placed the property back in her own name.

¶6        Husband later testified in an unrelated matter the Penrose home belonged solely to Wife, and he characterized the Penrose home as Wife's "inheritance" from Mother. The parties made no mortgage payments on the Penrose home. The parties and Mother, however, agreed to an amortization schedule for the amount Mother provided at closing and the parties made periodic payments to Mother's account in repayment of this debt.

¶7        Wife petitioned for dissolution in September 2017. At trial, Husband claimed (1) the Penrose home was community property because the parties bought it while married, and (2) the parties commingled community funds in Mother's account, making the account community property. The superior court entered the decree in October 2020, dissolving the parties' marriage and dividing their assets and liabilities.

¶8        The superior court found the Penrose home was Wife's sole and separate property because she bought it with sole and separate funds. The court also found Husband divested any interest he may have had in the home, and Husband presented "no persuasive evidence supporting his claim to any portion of this property or any community lien on the property." The court denied Husband's claim to Mother's account because Husband failed to prove the parties deposited community funds into the account. Husband timely appeals and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶9        Husband argues the superior court erred by classifying the Penrose home as Wife's separate property and by not giving Husband a share of Mother's bank account. "We review de novo the legal question of whether property should be classified as community or separate." *Femiano v. Maust*, 248 Ariz. 613, 615, ¶ 9 (App. 2020). "We review the record on which the superior court based that classification in the light most favorable to upholding its decision . . . [a]nd we will not alter the . . . community property distribution absent an abuse of that court's broad discretion to apportion the community property." *Saba v. Khoury*, 250 Ariz. 492, 495, ¶ 5 (App. 2021) (cleaned up). The court abuses its discretion if it commits an error of law when exercising discretion. *Id.*

¶10        Property acquired before marriage remains separate property unless altered by agreement or operation of law. *See* A.R.S. § 25-213; *see also*

*Drahos v. Rens*, 149 Ariz. 248, 249 (App. 1985). Mere use of separate property as a family home or payment of a mortgage with community funds does not change the character of the property. *Drahos*, 149 Ariz. at 249. Property acquired during marriage is presumed to be community property and the spouse seeking to rebut that presumption must do so by clear and convincing evidence. *See* A.R.S. § 25-211(A); *see also Femiano*, 248 Ariz. at 615, ¶ 10. Spouses may convey their property interests to one another during marriage. *See Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979). Such a conveyance must be made by a written instrument accompanied by contemporaneous conduct showing an intent to convey such interest. *Id.*

**¶11** The parties bought the Penrose home during marriage, and we presume it to be community property. *See* A.R.S. § 25-211(A). But the record supports the superior court's finding that Wife successfully rebutted the community-property presumption. Husband signed a disclaimer deed for the earlier house, making the proceeds of that sale Wife's sole and separate property. Wife then used those proceeds, and Mother's loan, to purchase the Penrose home and Wife placed it in the trust as sole grantor. Wife thus traced the funds used to buy the Penrose home to Mother's initial gift to her and demonstrated that her property maintained its sole and separate character.

**¶12** Husband failed to rebut Wife's evidence with proof of an agreement in which Wife conveyed her interest in the Penrose home. And he testified in another proceeding he understood it was wife's sole and separate property. The superior court thus did not err by classifying the Penrose home as Wife's sole and separate property.

**¶13** Husband also challenges the superior court's finding that he was not entitled to a share of Mother's checking account. The court found Husband failed to provide any credible evidence the account belonged to Wife and was community property. Instead, the court found Mother's testimony credible that she owned the account. We defer to the superior court's credibility determinations and, to the extent the court based its rulings on the weight it gave conflicting evidence, we defer to the court's judgment. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998). The record supports the court's findings and we see no error.

**¶14** Wife requested attorneys' fees and costs under ARCAP 21 and A.R.S. § 25-324. We have considered the financial resources of both parties and the reasonableness of Husband's positions on appeal, and we decline to award attorneys' fees. Wife is entitled to costs upon compliance with ARCAP 21.

4

**CONCLUSION**

¶15        We affirm.

