NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of

SANTAMARIA QUIROZ, *Petitioner/Appellee*,

*v.*

IVAN QUIROZ MANCERA, *Respondent/Appellant*.

No. 1 CA-CV 22-0253 FC
FILED 1-31-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-092818
The Honorable David E. McDowell, Judge

**AFFIRMED IN PART/VACATED IN PART/REMANDED**

COUNSEL

Santamaria Quiroz, Tempe
*Petitioner/Appellee*

Michael L. Gertell LLC, Phoenix
By Michael L. Gertell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1          Ivan Quiroz Mancera ("Husband") appeals from the superior court's calculation of reimbursements for community contributions to separate property. We affirm in part, vacate in part, and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          While Husband and Santamaria Quiroz ("Wife")[1] were married, the couple purchased a parcel of real property. At the time of acquisition, Husband signed a disclaimer deed relinquishing his interest in the property.

¶3          In 2021, Wife petitioned for the dissolution of the marriage. The parties proceeded to trial to address the disposition of the real property. The court found that, although the property was bought during the marriage, the disclaimer deed rebutted the presumption that the property was community property. The court found that the real property was Wife's separate property.

¶4          The court also found that the down payment and the mortgage on the property were paid with community funds, thus entitling the marital community to a lien against Wife's property. To determine the community interest, the court applied the formula outlined in *Drahos v. Rens*, 149 Ariz. 248 (App. 1985), and concluded that the community lien on the real property amounted to $14,692.48. The court then found that Husband was entitled to one-half of the community lien plus a post-judgment interest rate.

¶5          Husband filed a motion for reconsideration. He contended the court had erred by inadvertently swapping two variables in the *Drahos* formula, leading to a miscalculation. Husband provided a recalculation that concluded the community lien should be $59,639, which "divided by 2 [is] $29,319.50 for [Husband]'s share." The court agreed that it had made

---

[1]          Wife did not file an answering brief.

an arithmetic error. On May 16, it stated in a minute entry that, unless a party objected, the court would later enter an order following Husband's motion, finding the community lien to be $59,639, with Husband's half equating to $29,319.50.

**¶6**         Husband then filed a notice to correct the court's order. He agreed that the *Drahos* calculation was now correct but pointed out that Husband's share—half of $59,639—should be $29,819.50. The court agreed that it had made a typographical error and stated, "The Order contained the figure $28,319.50 but the correct figure should have been $28,**819**.50." The court then ordered *nunc pro tunc* that the minute entry be amended to grant Husband "$29,319.50[] [i]n place and instead of . . . $29,819.50."

**¶7**         Husband then filed another notice to correct the minute entry, asking only that the court provide a date by which he must be paid. The court denied relief, noting that it had awarded a judgment, not an order of payment, and thus no date was required.

**¶8**         On June 8, consistent with its May 16 order, the court amended its original order and found that Husband was "entitled to one half of the community lien or $29,319.50." The court awarded Husband judgment against Wife in that amount plus post-judgment interest.

**¶9**         Husband appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶10**         Husband first argues that the court erred in applying the *Drahos* formula. "The determination of the amount of the community interest in separate property resulting in an equitable lien is a mixed question of fact and law," and we will defer to the superior court's factual findings but review legal conclusions *de novo*. *Saba v. Khoury*, 516 P.3d 891, 894, ¶ 7 (Ariz. 2022).

**¶11**         Husband relies on *Femiano v. Maust*, 248 Ariz. 613 (App. 2020), to argue that the *Drahos* formula should not have been applied here. But our supreme court has held that, under nearly identical circumstances, the *Drahos* formula may be properly used. *Saba*, 516 P.3d at 896, ¶¶ 14–16. In doing so, the supreme court explicitly disapproved of the reasoning and conclusion in *Femiano*. *Id.* at 897, ¶ 18. The court, therefore, did not err in its application of the *Drahos* formula.

**¶12** Husband next points out the superior court's math error in its final order. Although the court consistently found that Husband "is entitled to one half of the community lien," and Husband acknowledges the lien is $59,639 using the *Drahos* formula, the court erred in its final calculations. Because Husband is entitled to one-half of $59,639, he is entitled to $29,819.50.

**¶13** Lastly, Husband asserts the trial court erred by not setting a date by which Wife must pay Husband. But Husband develops no argument about why the court erred. Under Arizona Rule of Civil Appellate Procedure 13(a)(7), an appellant's opening brief must contain developed arguments. Thus, we find the claim waived. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

## ATTORNEY'S FEES

**¶14** Husband requests his reasonable attorney's fees. Per our discretion, we decline to award him attorney's fees. As the prevailing party, Husband is entitled to his costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶15** We vacate the court's June 8 order and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4