704 P.2d 1352

**Ronald McCARTHY,**
**Petitioner/Appellee,**

v.

**Mary McCARTHY,**
**Respondent/Appellant.**

**No. 2 CA–CIV 5275.**

Court of Appeals of Arizona,
Division 2, Department B.

April 25, 1985.

Review Denied Aug. 27, 1985.

William C. Mach, Tucson, for petitioner/appellee.

Little, Fisher & Siegel, P.C. by Barbara E. Fisher, Tucson, for respondent/appellant.

## OPINION

LACAGNINA, Judge.

In the dissolution proceedings between the parties, Ronald McCarthy and Mary McCarthy, the trial court awarded wife spousal maintenance of $800 per month for four and one-half years with leave given to both parties to petition for modification within that period of time and awarded wife 50% of husband's retirement income vested, but not matured, to be paid when husband retires and receives those benefits. We need not discuss the other disposition of property and orders for payment since they are not pertinent to the opinion.

On appeal wife argues two issues: (1) that the award of spousal maintenance is insufficient and should be paid for an indefinite time, and (2) that she is entitled to an award of one-half the present cash value of the husband's pension plan.

We agree with the court's judgment on both issues and affirm.

## I. AWARD OF SPOUSAL MAINTENANCE IS WITHIN THE DISCRETION OF THE TRIAL COURT.

Arizona courts have uniformly held that an award of maintenance to a wife is left to the sound discretion of the trial judge, and this court will not intervene without a clear showing of abuse. *In re*

*Marriage of Hinkston,* 133 Ariz. 592, 653 P.2d 49 (1982); *Bender v. Bender,* 123 Ariz. 90, 597 P.2d 993 (1979).

█ The court received evidence regarding wife's present health, education and opportunities for employment, and since there was reasonable evidence to support the trial court's determination, no abuse of discretion has been shown. In the judgment ordering spousal maintenance, the court retained jurisdiction to entertain petitions for modification which could alter both the amount and duration of maintenance payments if future circumstances should warrant.

## II. REJECTION OF WIFE'S CLAIM FOR AWARD BASED ON "PRESENT CASH VALUE" OF RETIREMENT BENEFITS WAS PROPER.

█ The parties have cited to the court numerous cases dealing with retirement and pension benefits. Each decision was based on the terms of the individual plans, the present status of the party's interest in the plan, and the underlying factors which lead each court to distribute the community interest in the plan to the parties. There was insufficient competent evidence for the trial court to make any determination of a "present cash value" as claimed by wife. The IBM Pension Plan is a deferred pension plan. Contributions are made by the employer only, and no specific account exists for any individual employee. In order for husband to receive benefits from the plan, he must retire either at age 55 (with 15 years service), or at 65 years of age. The benefits to be received would be computed at the time of retirement and paid monthly for life. There are no provisions for lump sum payment if he terminates his employment or dies.

At the trial, the facts showed that husband had 14 years' service with IBM. His pension was vested but not matured, meaning that if he did not continue to work for IBM, he still would receive a pension when he reached retirement age based on the years of service before termination.

█ Evidence at the trial supported the trial court's finding that at age 65 husband's pension, based upon the vested portion, would be $6,695.35 per year, and if he qualified for retirement at age 55, then the vested pension would be $4,686.75 per year. The trial court awarded wife one-half of these future benefits to be paid when and if husband qualified and received the benefits. This was a fair and equal distribution of the community's interest in the IBM Pension Plan. Two recent Arizona appellate decisions dealing with the Arizona Public Safety Retirement Fund are instructive but not dispositive of this case. In *Koelsch v. Koelsch,* Ariz. (1 CA–CIV 6091, filed February 28, 1984 [review granted May 30, 1984]), and *Haynes v. Haynes,* Ariz. (1 CA–CIV 6278, 6323 and 6377, filed September 11, 1984) [review granted January 29, 1985], retirement benefits could have been realized at the time of trial, but the working spouse chose not to retire. The court dealing with that specific problem approved a formula to determine the interest of the community in the pension benefits at the time the benefits matured. We approve of the use of the formula as applied to the circumstances of those cases but find it was not error for the trial court here to adopt a different but fair method based on the evidence of the value of the community interest in the pension plan and dividing that amount in half.

Appellant Mary McCarthy's request for award of attorney's fees is denied.

AFFIRMED.

HATHAWAY, P.J., and LIVERMORE, J., concur.