NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CARLOS A. HURTADO,
*Petitioner/Appellee*,

v.

MELISSA SUE HURTADO,
*Respondent/Appellant*.

No. 1 CA-CV 21-0711 FC
FILED 10-18-2022

Appeal from the Superior Court in Maricopa County
No. FN2020-097818
The Honorable David E. McDowell, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski
*Counsel for Respondent/Appellant*

Terry J. Fong Law Group, Gilbert
By Terry J. Fong
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

**¶1**         Melissa Hurtado ("Wife") appeals from a dissolution decree ending her marriage to Carlos Hurtado ("Husband"). For the following reasons, we vacate the decree in part and remand to the superior court for further consideration.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Husband and Wife were married on April 14, 2008. On February 15, 2020, Husband vacated the marital home and the parties separated. For the first year of separation, Wife occupied the marital home while Husband paid the expenses related to the property. Husband filed for dissolution on December 18, 2020.

**¶3**         In February 2021, following an evidentiary hearing, the court issued temporary orders awarding spousal maintenance to Wife and granting Husband exclusive use of the marital home beginning April 4, 2021. The court also set trial for September 8, 2021.

**¶4**         Less than one month prior to the scheduled trial, Wife moved for a continuance to allow further discovery. The court denied her motion but offered to reconsider if she could establish a reasonable basis for continuance at trial.

**¶5**         After trial, the court issued its dissolution decree. In its decree, the court awarded Husband the marital home if he could buy out Wife's share of the equity. The court also found that Wife was not entitled to spousal maintenance and had failed to establish a reasonable basis for additional discovery and a continuance. Wife appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

### DISCUSSION

**¶6**         Wife argues that the superior court abused its discretion by denying her request for spousal maintenance and refusing to consider

Husband's book of business when dividing marital assets.[1]    She also requests attorney fees on appeal.

## I.    Spousal Maintenance.

**¶7**        The award of spousal maintenance is left to the sound discretion of the trial judge and will not be overruled absent a clear showing of abuse. *McCarthy v. McCarthy*, 146 Ariz. 207, 208 (App. 1985).  We will accept the trial court's findings of fact unless clearly erroneous. *In re Marriage of Cotter*, 245 Ariz. 82, 85, ¶ 6 (App. 2018).

**¶8**        In evaluating a request for spousal maintenance, the trial court engages in a two-step analysis. *Cotter*, 245 Ariz. at 85, ¶ 7.  First, "the trial court must, as a threshold matter, determine whether the requesting spouse is eligible for an award." *Id.*  A spouse is eligible for maintenance if she meets any one of the five statutory grounds contained in A.R.S. § 25-319(A). *Id.* at 86, ¶ 10.  Second, if the requesting spouse demonstrates eligibility, the court then "considers the relevant circumstances of both parties to determine whether to actually grant an award . . . ." *Id*. at 85, ¶ 7.  Under this scheme, Wife may be *eligible* for an award if she meets the requirements for any one of the grounds for maintenance, *id.* at 86, ¶ 10, but she is not *entitled* to an award until the court has considered the relevant case-specific facts and granted her request for spousal maintenance, *id.* at 85, ¶ 7.

**¶9**        While the parties agree that they argued both prongs of the statute below, it is not clear from the record whether the court rested its decision on eligibility or entitlement.  In the dissolution decree, the court stated that Wife was "not entitled to an award of spousal maintenance," but it did so because she "fail[ed] to meet any of the statutory grounds for an award."  If wife is eligible under the statute, the trial court must address the § 25-319(B) factors and provide additional reasoning justifying its decision.

**¶10**        In the dissolution decree, the court weighed the evidence and found Wife ineligible for maintenance under the last four grounds provided

---

[1]    Wife initially challenged the court's division of marital home expenses, but conceded at oral argument that the issue is moot.  Therefore, we will not consider the issue on appeal. *See Gerow v. Covill*, 192 Ariz. 9, 13, ¶ 15 n.2 (App. 1998) (enforcing a concession made during oral argument); *see also Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 7 (App. 2017) (stating that appellate courts "should not attempt to analyze and decide arguments that have been abandoned and waived").

in A.R.S. § 25-319(A)(2)-(5). None of these findings in the dissolution decree are clearly erroneous. *See Cotter*, 245 Ariz. at 85, ¶ 6 (stating that we will not overturn a finding of fact unless clearly erroneous). Accordingly, we affirm the court's eligibility ruling as to those grounds.

¶11 However, we cannot affirm the court's eligibility finding under A.R.S. § 25-319(A)(1), which provides that a spouse is eligible for maintenance if she "[l]acks sufficient property . . . to provide for [her] reasonable needs." "[S]ufficient property is of such value that the spouse would be unlikely to exhaust it in his or her lifetime." *Cotter*, 245 Ariz. at 85-86, ¶ 9. Wife argues that the court erred because there is "simply no possibility" that the property awarded to her could provide enough income to cover her reasonable needs. We agree.

¶12 The court found that Wife had no significant assets outside of those granted in the dissolution. The record thus established that her assets totaled less than $300,000. Even assuming that all of these assets could be converted to an income-producing state, *see Deatherage v. Deatherage*, 140 Ariz. 317, 320 (App. 1984) (noting sufficient property "include[s] property presently producing income as well as property capable of producing income"), it is not obvious how such a small amount could provide for Wife's reasonable needs for the remainder of her life, *Cotter*, 245 Ariz. at 85-86, ¶ 9. Rather than answering that question, the court found that Wife's assets were sufficient because she "received an equal distribution of property from this marriage" and "may receive more liquid assets than Husband . . . ." These facts are not relevant at the eligibility stage.

¶13 The court erred to the extent that it found wife ineligible for spousal maintenance under A.R.S. § 25-319(A)(1). Accordingly, we remand to the superior court for consideration and clarification regarding Wife's entitlement to spousal maintenance.

## II. Book of Business.

¶14 Wife next claims that no reasonable evidence supports the court's finding that Husband had no business or book of business for the court to distribute equitably. In her statement of issues, Wife posits that the court should have continued the case to allow for additional discovery. But the argument section of her brief focuses on whether the court erred in finding that no book of business existed. We consider both arguments in turn.

4

### A.    Discovery.

**¶15**    The trial court has broad discretion in ruling on matters of disclosure and discovery, and this court will not disturb an evidentiary ruling absent a clear abuse of discretion and resulting prejudice. *Johnson v. Provoyeur*, 245 Ariz. 239, 241-42, ¶ 8 (App. 2018).

**¶16**    The risk that the opposing party will be prejudiced by the inclusion of new evidence grows when trial is imminent. *Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 16 (App. 2003). In order to protect the parties, the court is entitled to enforce reasonable discovery deadlines. *See Johnson*, 245 Ariz. at 245, ¶ 21 (upholding a trial court's exclusion of evidence received after the disclosure deadline). A court may limit discovery "if it determines that the discovery sought . . . seeks information that the party has had an ample opportunity to obtain . . . ." Ariz. R. Fam. L. P. 51(b)(1)(B).

**¶17**    The court set the deadline for discovery on August 8, 2021. Wife had several months to seek discovery or an extension before August 8, but she did not request more time until five days after that deadline had passed. The court denied the motion but offered to reconsider if Wife provided reasonable grounds for delay at trial. At trial, Wife provided no evidence beyond that already included in her motion.

**¶18**    Wife had ample opportunity to obtain the discovery sought in the months leading up to the trial, Ariz. R. Fam. L. P. 51(b)(1)(B), and the court was entitled to enforce its discovery deadline, *Johnson*, 245 Ariz. at 245, ¶ 21. The court did not abuse its discretion in denying Wife's request to allow additional discovery on the issue.

### B.    Equitable Distribution.

**¶19**    A trial court's equitable division of community property is reviewed for an abuse of discretion. *Roden v. Roden*, 190 Ariz. 407, 411 (App. 1997). We view the evidence in the light most favorable to sustaining the trial court's determination, and we will affirm unless there is "clear and convincing evidence that the trial court abused its discretion." *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979). The appellate court will not reweigh conflicting evidence on appeal and will always give due regard to the trial court's opportunity to judge the credibility of the witnesses. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶20**    Wife complains that the only evidence available to the trial court was the testimony of the parties. But, if a party is dissatisfied with the state of the record at trial, it is her duty to further enlighten the court.

*Reed v. Reed*, 82 Ariz. 168, 172 (1957). Wife had the opportunity at the trial level to supplement her testimony with additional evidence. She chose not to subpoena Husband's employer or his alleged business partner. By neglecting to develop the record, she bore the risk that the court would accept Husband's testimony over her own. *See id.* ("We are not impressed by a complaint that the trial judge was compelled to guess in order to arrive at a decision when his sole duty after both parties rested was to exercise his best judgment under the circumstances.").

¶21        She claims that the court abused its discretion by accepting Husband's "contradictory, evasive, and confusing" testimony over her own, which she describes as "clear, concise, and unequivocal." Appellate courts have long recognized that the finder of fact is in the best position to weigh the credibility of competing testimony. *Hurd*, 223 Ariz. at 52, ¶ 16. We will not reweigh conflicting evidence on appeal. *Id.*

## III.    Attorney Fees.

¶22        The court has the discretion to award attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Even a great disparity in financial resources is not an automatic basis for an award of fees. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9 (App. 2014). But it may justify an award when neither party has acted unreasonably. *Magee v. Magee*, 206 Ariz. 589, 592, ¶ 12 (App. 2004).

¶23        Wife requests an award of attorney fees based on the disparity in financial resources of the parties. Husband requests an award of attorney fees based on Wife's unreasonable conduct throughout the dissolution proceedings.

¶24        Husband has far greater financial resources than Wife. Although Wife has taken unreasonable positions throughout the dissolution proceedings, her positions have not been so unreasonable as to preclude completely an award of her appellate fees. Accordingly, we award Wife a portion of her attorney fees upon compliance with ARCAP 21.

## CONCLUSION

¶25        For the above stated reasons, we vacate the portion of the superior court's order finding Wife ineligible for spousal maintenance under A.R.S. § 25-319(A)(1) and remand for further consideration consistent

with this decision.  In exercise of our discretion, we award Wife a portion of her attorney fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA